[Cite as *State v. Vaughn*, 2012-Ohio-316.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

       Plaintiff-Appellee

-vs-

SABRINA J. VAUGHN

       Defendant-Appellant

JUDGES:

Hon. Patricia A. Delaney, P. J.
Hon. W. Scott Gwin, J.
Hon. William B. Hoffman, J.


Case No. 2011-COA-021


O P I N I O N


| CHARACTER OF PROCEEDING: | Criminal appeal from the Ashland County Court of Common Pleas, Case No. 10-CRI-030 |
|---|---|
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 30, 2012 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| RAMONA FRANCESCONI-ROGERS<br>Ashland County Prosecutor<br>110 Cottage Street<br>Ashland, OH 44805 | ERIN N. POPLAR<br>ERIN POPLAR LAW, LLC<br>1636 Eagle Way<br>Ashland, OH 44805 |

*Gwin, P.J.*

**{1}** On or about February 26, 2010, appellant, Sabrina J. Vaughn, was indicted on one count of Trafficking in Heroin in violation of R.C. 2925.03(A)(1), a felony of the fifth degree, and one count of Complicity to Trafficking in Heroin in violation of R.C. 2923.03(A)(2) and 2925.03(A)(1), a felony of the fourth degree. The violations were alleged to have occurred on November 28, 2008 and December 5, 2008, respectively.

**{2}** On April 21, 2011, appellant changed her plea to the count of Trafficking from not guilty to guilty. The count of Complicity to Trafficking was dismissed. Appellant was sentenced on June 3, 2011 and appellant's sentencing entry was filed June 6, 2011.

**{3}** Appellant timely appeals raising as her sole assignment of error[1],

**{4}** "I. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BECAUSE HER COURT-APPOINTED COUNSEL FAILED TO REQUEST INDEPENDENT LABORATORY TESTING OF ALLEGED HEROIN."

I.

**{5}** A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced

---

[1] Appellant's Motion to Supplement the Record to include the State of Ohio's partial discovery responses was granted by this Court on October 14, 2011.

by counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

{6} In order to warrant a finding that trial counsel was ineffective, the petitioner must meet *both* the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251(2009).

{7} To show deficient performance, appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 688, 104 S.Ct. at 2064. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland v. Washington* 466 U.S. at 687, 104 S.Ct. at 2064. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. *Strickland v. Washington* 466 U.S. at 688, 104 S.Ct. 2052 at 2065.

{8} "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in

prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064.

{9} In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064.

{10} Appellant must further demonstrate that he suffered prejudice from his counsel's performance. See *Strickland*, 466 U.S. at 691, 104 S.Ct. 2066 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment"). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. To prevail on his ineffective-assistance claim, appellant must show, therefore, that there is a "reasonable probability" that the trier of fact would not have found him guilty.

{11} Challenges to guilty pleas based on allegations of ineffective assistance of counsel during the plea process are evaluated under the same two-pronged cause and

prejudice test of *Strickland v. Washington,* supra, 466 U.S. at 687-88, 104 S.Ct. 2064; *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203(1985). In order to satisfy the second prong in the context of a guilty plea, appellant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. 366, 88 L.Ed.2d 203. *Accord State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 81; *State v. Bird,* 81 Ohio St.3d 582, 585, 692 N.E.2d 1013(1998) *State v. Xie*, 62 Ohio St.3d 521, 524-525, 584 N.E.2d 715 (1992).

{12} In this case, appellant entered a plea of guilty as part of a plea agreement. By entering a plea of guilty, the accused is not simply stating that she did the discrete acts described in the indictment; she is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927(1989). The guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established. *Menna v. New York* (1975), 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195, n. 2. Thus, when a defendant enters a plea of guilty as a part of a plea bargain she waives all appealable errors, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658(1991); *State v. Barnett*, 73 Ohio App.3d 244, 249, 596 N.E.2d 1101 (2nd Dist. 1991); see, also*, State v. Wotring,* 11th Dist. No. L-99-114, 2003-Ohio-326, 2003 WL 168225, ¶ 22, appeal denied (2003), 99 Ohio St.3d 1452, 790 N.E.2d 1217.

**{13}** "In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. See, e.g., *Evans v. Meyer,* 742 F.2d 371, 375 (CA7 1984) ('It is inconceivable to us ... that [the defendant] would have gone to trial on a defense of intoxication, or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received')." *Hill v. Lockhart*, 474 U.S. at 370-371, 106 S.Ct. 366, 88 L.Ed.2d 203.

**{14}** R.C. 2925.03(A) sets forth the essential elements of trafficking in drugs: "No person shall knowingly sell or offer to sell a controlled substance." For purposes of R.C. Chapter 2925, a sale is defined as follows: "'Sale' includes delivery, barter, exchange, transfer, or gift, or offer thereof, and each transaction of those natures made by any person, whether as principal, proprietor, agent, servant, or employee." R.C. 2925.01(A) (incorporating definition found in R.C. 3719.01(AA)).

**{15}**  In the case at bar, the evidence reveals that the substances sold by her contained detectable amounts of heroin. Appellant argues that because the amounts were minuscule the drugs likely would be destroyed in testing. Accordingly, she argues, that she could not have been convicted had counsel requested an independent analysis of the drugs pursuant to R.C. 2925.51(E).

**{16}**  The state did not destroy or consume the entire amount of the substances making it impossible for appellant to have an independent analysis. There is no evidence in the record before this Court that an independent test would destroy the substance, or that an insufficient amount of substance is available for testing. Thus, there is no reason for this Court to find that trial counsel's representation of appellant was ineffective for failing to request an independent analysis of the substances. Failure to request such an analysis is a tactical decision. "Debatable trial tactics do not establish ineffective assistance of counsel." *State v. Hoffner* (2004), 102 Ohio St.3d 358, 365, 2004-Ohio-3430, ¶ 45.

**{17}**  When it comes to enhancing the penalty, the Supreme Court has stated that the statutory hierarchy of penalties based upon the identity and amount of the drug presupposes that a detectable amount of a controlled substance is present within the substance before the penalty enhancement applies. *State v. Chandler,* 109 Ohio St. 3d 223, 846 N.E. 2d 1234, 2006-Ohio-2285, ¶ 18. In that case, the defendants pretended to sell crack but actually delivered only baking soda. They were convicted of drug trafficking and received the highest penalty enhancement for offering to sell more than 100 grams of crack cocaine. Id. at ¶ 19, 846 N.E. 2d 1234.

**{18}** The Supreme Court determined that the defendants' convictions of drug trafficking could stand because they offered to sell drugs in violation of R.C. 2925.03(A)(1), regardless of whether actual drugs were involved. Id. at ¶ 9, 846 N.E. 2d 1234, 69 Ohio St. 2d 445, 432 N.E. 2d 802. However, the Court reversed the penalty enhancement, ruling that the state was required to prove the identity of the substance as well as a detectable amount of that substance, not for conviction but to impose the penalty enhancement. Id. at ¶ 16, 432 N.E.2d 802. In formulating its rationale, the Supreme Court noted that by the terms of the penalty provisions in R.C. 2925.03(C), the substance must be or contain the drug alleged. Id. at ¶ 18, 432 N.E.2d 802. "This language presumes that a detectable amount of cocaine is present within the substance before the penalty enhancement applies." Id. The Court reiterated that the statute is clear that a "substance offered for sale must contain some detectable amount of the relevant controlled substance" before a person can be sentenced under a penalty enhancement such as R.C. 2925.03(C)(4)(g). *Id.* at ¶ 21, 432 N.E.2d 802.

**{19}** "Undoubtedly, a person can be convicted for offering to sell a controlled substance in violation of R.C. 2925. 03(A)(1) without actually transferring a controlled substance to the buyer." *Chandler* at ¶ 9. *Accord, Garr v. Warden, Madison Corr. Inst.*, 126 Ohio St.3d 334, 2010-Ohio-2449, 933 N.E.2d 1063, ¶26; *State v. Scott* (1982), 69 Ohio St.2d 439, 432 N.E.2d 798, syllabus.

**{20}** "For purposes of R.C. 2925.03(A), the phrase, 'offer to sell a controlled substance,' simply means to declare one's readiness or willingness to sell a controlled substance or to present a controlled substance for acceptance or rejection. Furthermore, the issue of whether a defendant has knowingly made an offer to sell a

controlled substance in any given case must be determined by examining the totality of the circumstances, including 'the dialogue and course of conduct of the accused.' *[State v.] Patterson* [( 1982), 69 Ohio St. 2d 445,] 447 [ 23 O.O. 3d 394, 395], 432 N.E. 2d 802 [ 803– 804]." *State v. Burton* (Mar. 31, 1995), Greene App. No. 94–CA–13, unreported, 1995 WL 137054. Accord *State v. McKenzie* (Sept. 12, 1996), Jefferson App. No. 96–JE–2, unreported, 1996 WL 529520." *State v. Henton* (1997), 121 Ohio App.3d 501, 510, 700 N.E.2d 371.

{21}    No actual transfer of the drugs must occur in order for a violation of R.C. 2925.03(A)(1) to occur. *State v. Jeter,* 6th Dist. No. E–02–047, 2004–Ohio–1332, 2004 WL 541527, ¶ 26. Moreover, the suspect's subjective intent as to whether he intended to sell the informant drugs is irrelevant in this context. "Because intent lies within the privacy of a person's own thoughts and is not susceptible to objective proof, intent is determined from the surrounding facts and circumstances, and persons are presumed to have intended the natural, reasonable and probable consequences of their voluntary acts." (Citations omitted.) *State v. Garner* (1995), 74 Ohio St.3d 49, 60, 1995-Ohio-168, 656 N.E.2d 623.

{22}    Because appellant could be convicted for selling or offering to sell a controlled substance even if the substance is not recovered and even if the substance turns out not to be a controlled substance, appellant cannot demonstrate prejudice from counsel's failure to request an independent analysis of the substances. *State v. Scott,* supra at syllabus*.* See*, Garr v. Warden, Madison Corr. Inst.* at ¶28 (where defendant offered to sell a drug that was not recovered the offender may be convicted of an MDO specification in a properly proven case). We do not believe that testing of the

substances by an independent laboratory would have led counsel to change his recommendation as to the plea, or changed the outcome had appellant gone to trial.

**{23}** Appellant's First Assignment of Error is overruled.

**{24}** The judgment of the Court of Common Pleas, Ashland County, Ohio is affirmed.

By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
              Plaintiff-Appellee       :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
SABRINA J. VAUGHN                      :
                                       :
                                       :
           Defendant-Appellant         :        CASE NO. 2011-COA-021


   For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas, Ashland County, Ohio is affirmed.  Costs to appellant.


                                        _____
                                        HON. W. SCOTT GWIN

                                        _____
                                        HON. PATRICIA A. DELANEY

                                        _____
                                        HON. WILLIAM B. HOFFMAN