[Cite as *State v. Cooper*, 2012-Ohio-3058.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                             |   | JUDGES:                      |
|:----------------------------|:--|:-----------------------------|
| STATE OF OHIO               | : | Patricia A. Delaney, P.J.    |
|                             | : | William B. Hoffman, J.       |
| Plaintiff-Appellee          | : | Julie A. Edwards, J.         |
|                             | : |                              |
| -vs-                        | : | Case No. 11CA0125            |
|                             | : |                              |
|                             | : |                              |
| SHERRON COOPER              | : | O P I N I O N                |
|                             |   |                              |
| Defendant-Appellant         |   |                              |




CHARACTER OF PROCEEDING:     Criminal Appeal from Licking County
                             Court of Common Pleas Case No.
                             11 CR 00380

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 29, 2012

APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

KENNETH OSWALT                           PAUL E. MORRISON
Licking County Prosecutor                100 E. Main Street
                                         Columbus, Ohio  43215

BY: EARLY L. FROST
Assistant Prosecuting Attorney
Licking County Prosecutor's Office
20 S. Second Street, 4th Floor
Newark, Ohio   43055

*Edwards, J.*

{¶1} Appellant, Sherron Cooper, appeals a judgment of the Licking County Common Pleas Court convicting him of trafficking in cocaine with a finding that the offense was committed in the presence of a juvenile (R.C. 2925.03(A)(1)(C)(4)(b)). Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} Detective Alan Thomas of the Licking County Sheriff's Department set up a controlled drug buy between appellant and a confidential informant. The confidential informant, Joe Gerritsen, knew appellant by the street name of "Tink." In two recorded telephone calls, Tink agreed to sell the informant an ounce of cocaine for $850.

{¶3} On July 28, 2011, Gerritsen met appellant in the parking lot of a Kroger's store in Johnstown, Ohio. Detective Thomas parked in the lot to observe the deal. A minivan was parked next to Detective Thomas. Inside the minivan were children, around 5-8 years of age, and an infant. Instead of selling Gerritsen an ounce of cocaine for $850, the deal was changed to half an ounce for $450. The deal was conducted as planned in the parking lot.

{¶4} Subsequent to the sale, Detective Thomas and Detective Kyle Boerstler stopped appellant's vehicle. Appellant had in his possession the marked money used for the controlled buy. Appellant was questioned and admitted to offering to sell cocaine to Gerritsen. However, the substance which appellant sold to Gerritsen was found to be baby powder after testing.

{¶5}   Appellant was indicted by the Licking County Grand Jury with trafficking in cocaine, with a specification that the crime occurred within 100 feet of a juvenile, elevating the degree of the offense from a fifth degree felony to a fourth degree felony.

{¶6}   The case proceeded to jury trial in the Licking County Common Pleas Court.  Appellant was convicted as charged and sentenced to 15 months incarceration. He assigns three errors on appeal:

{¶7}   "I. THE TRIAL COURT ERRED IN FAILING TO DISMISS THE SALE OF COCAINE IN THE PRESENCE OF JUVENILES SPECIFICATION WHERE THE FACTS OF THE CASE FAIL TO MEET THE STATUTORY REQUIREMENTS.

{¶8}   "II. THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶9}   "III. INEFFECTIVE ASSISTANCE OF COUNSEL."

I

{¶10} In his first assignment of error, appellant argues that the court erred in failing to dismiss the specification that the sale took place in the presence of juveniles because the substance he sold to the informant was baby powder, not cocaine.

{¶11} R.C. 2925.03(A)(1) provides:

{¶12} "(A) No person shall knowingly do any of the following:

{¶13} "(1) Sell or offer to sell a controlled substance;"

{¶14} Appellant clearly could be convicted of violating R.C. 2925.03(A)(1) for offering to sell cocaine, even though the substance was actually baby powder, not cocaine.  The Ohio Supreme Court has held that a conviction for R.C. 2925.03(A)(1)

can stand despite the fact that the substance offered as cocaine was actually baking soda. *State v. Chandler*, 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234, ¶9.

**{¶15}** However, the *Chandler* court went on to hold that the defendant could not be sentenced under the major drug offender specification found in R.C. 2925.03(C)(4)(g) unless the substance offered for sale contained some detectable amount of the relevant controlled substance. *Id.* at syllabus. R.C. 2925.03(C)(4) sets forth the penalties for trafficking in cocaine:

**{¶16}** "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows:

**{¶17}** "(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), (f), or (g) of this section, trafficking in cocaine is a felony of the fifth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

**{¶18}** "(b) Except as otherwise provided in division (C)(4)(c), (d), (e), (f), or (g) of this section, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

**{¶19}** "(c) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds five grams but is less than ten grams of cocaine, trafficking in cocaine is a felony of the fourth degree, and division (B) of section 2929.13 of the

Revised Code applies in determining whether to impose a prison term for the offense. If the amount of the drug involved is within that range and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the third degree, and there is a presumption for a prison term for the offense.

**{¶20}** "(d) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds ten grams but is less than twenty grams of cocaine, trafficking in cocaine is a felony of the third degree, and, except as otherwise provided in this division, there is a presumption for a prison term for the offense. If trafficking in cocaine is a felony of the third degree under this division and if the offender two or more times previously has been convicted of or pleaded guilty to a felony drug abuse offense, the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree. If the amount of the drug involved is within that range and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree.

**{¶21}** "(e) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds twenty grams but is less than twenty-seven grams of cocaine, trafficking in cocaine is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree. If the amount of the drug involved is within that range and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking

in cocaine is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.

**{¶22}** "(f) If the amount of the drug involved equals or exceeds twenty-seven grams but is less than one hundred grams of cocaine and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.

**{¶23}** "(g) If the amount of the drug involved equals or exceeds one hundred grams of cocaine and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree."

**{¶24}** The *Chandler* court noted that the General Assembly authorized a hierarchy of criminal penalties for drug trafficking based on the identity and amount of the drug involved. *Id.* at ¶18. By the terms of R.C. 2925.03(C)(4), the substance is to be cocaine, or a compound, mixture, preparation or substance containing cocaine, which presumes that a detectable amount of cocaine is present before the penalty enhancement applies. *Id.* The jury found that 130.87 grams of baking soda equaled or exceeded 100 grams of cocaine. The Supreme Court concluded that applying the penalty enhancement in R.C. 2925.03(C)(4)(g) for a major drug offender to any substance represented to be "crack cocaine" contradicts the statute. *Id.* at ¶19.

**{¶25}** However, appellant was sentenced under the penalty enhancement found in R.C. 2925.03(C)(4)(b), which does not include any specification of the weight or amount of the controlled substance involved in the sale or offer to sell. It is not clear from the majority opinion in *Chandler* whether a detectable amount of the controlled substance must be present before a defendant may be sentenced under this particular subsection. The dissenting opinion by Justice O'Connor begins,

**{¶26}** "I strongly disagree with the majority's conclusion that R.C. 2925.03(C)(4)(c) through (g) requires that the substance offered actually be cocaine in order to support a penalty enhancement beyond the default fifth-degree felony contained in R.C. 2925.03(C)(4)(a)." *Id.* at ¶40.

**{¶27}** Thus, it appears that the dissenting justices believe the majority's holding only applies to the subsections which rely on the amount of the drug to enhance the penalty.

**{¶28}** We conclude that the penalty enhancement in R.C. 2925.03(C)(4)(b) may be applied even where no detectable amount of the substance is involved. As noted, this enhancement is not based on the weight or amount of the drug sold or offered for sale. This particular enhancement is based on the proximity of juveniles to the offense. The danger to juveniles remains the same whether there is an actual sale of a controlled substance or an offer to sell what the offender represents and believes to be a controlled substance but ultimately is found to be counterfeit. Therefore, the court did not err in failing to dismiss the penalty enhancement specification.

**{¶29}** The first assignment of error is overruled.

II

{¶30} Appellant argues that the finding that he sold or offered to sell cocaine within 100 feet of a juvenile is against the manifest weight and sufficiency of the evidence.

{¶31} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶32} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶33} Appellant first restates his argument from his first assignment of error that he cannot be sentenced under the penalty enhancement because the substance was baby powder, not cocaine. For the reasons stated in the first assignment of error, we reject this argument.

{¶34} Appellant next argues that the state failed to prove that the juveniles in the minivan were within 100 feet of the car where he conducted the sale.

{¶35} Detective Thomas testified that the minivan with children inside was parked next to him during the drug transaction. He testified that he later went back and measured and the distance was 94 feet. This is sufficient evidence, if believed by the jury, to support a finding that the offense took place within 100 feet of a juvenile. Appellant argues that the officer admitted the distance was more than 100 feet, relying on the following testimony on recross examination:

{¶36} "Q. Detective Thomas, didn't you earlier say you couldn't see the drug deal taking place?

{¶37} "A. I couldn't, no, not through my mirrors.

{¶38} "Q. So then if you couldn't see the drug deal taking place, how could the juveniles potentially see the drug deal taking place?"

{¶39} "A. Well, I don't - - I can't testify to what exactly they saw. I didn't go up there and stop the minivan, but I'm just saying, you know, from what I believe is the - - if they could look out through the back window, which they were - - the kids were all over the van, they would have a little bit better angle to see it than I would looking through my mirrors.

{¶40} "Q. From 100 feet or so away, assuming those two are sitting down in the front seat?

{¶41} "A. Oh, no, they were all in the backseats." Tr. 92.

{¶42} The officer did not testify that the van was more than 100 feet away, he simply failed to correct counsel's description of the van as "100 feet or so" away. The focus of the questioning at the time was not on how far away the juveniles were, but on

what they could have seen from the vehicle. The jury did not lose its way in choosing to believe the officer's testimony that he measured and found the distance to be 94 feet.

**{¶43}** Finally, appellant argues there is no evidence to support the finding that the substance appellant offered to sell was cocaine. This claim is patently without merit. Detective Thomas testified that appellant admitted to bringing cocaine to the informant and to offering to sell cocaine. The informant testified at trial that he has bought drugs in the past, and normally the dealer does not use the word "cocaine" on the telephone, but refers to the drug as "girl" or "soft." Tr. 101. However, he testified that there was no doubt in his mind that appellant was going to sell him cocaine.

**{¶44}** The second assignment of error is overruled.

III

**{¶45}** In his final assignment of error, appellant argues that his trial counsel was ineffective. However, in his brief he states, "Although this assignment of error was listed in Appellant Counsel's original Docketing Statement, upon reviewing the record in its entirety, appellate counsel found no *real* evidence that Mr. Cooper's trial counsel rendered ineffective assistance." Brief of appellant, p. 20. Counsel then goes on to identify three issues he considered when evaluating an ineffective assistance claim, but states that appellant cannot demonstrate prejudice from any of these possible mistakes by counsel, or they were sound trial strategy.

**{¶46}** As it appears from appellant's brief that he has in effect withdrawn this assignment of error by conceding that counsel was not ineffective at trial, the third assignment of error is overruled.

**{¶47}** The judgment of the Licking County Common Pleas Court is affirmed.

By: Edwards, J.

Delaney, P.J. and

Hoffman, J. concur

_____

_____

_____

                                JUDGES

JAE/0413

[Cite as *State v. Cooper*, 2012-Ohio-3058.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                 Plaintiff-Appellee     :
                                       :
                                       :
-vs-                                   :         JUDGMENT ENTRY
                                       :
SHERRON COOPER                         :
                                       :
            Defendant-Appellant     :         CASE NO. 11CA0125


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.


_____


_____


_____

JUDGES