DECISION. *Page 2 
{¶ 1} Following a jury trial, Oliver Garr was found guilty of a first-degree-felony trafficking offense and of a corresponding major-drug-offender ("MDO") specification. The trial court sentenced him to ten years' mandatory incarceration under the penalty provision in R.C. 2925.03(C)(4)(g). Garr now appeals the jury's verdict and the trial court's sentence. We affirm.
 {¶ 2} The facts of this case are largely undisputed. During a sting operation, Garr told police informant Robert Carr that he would sell him two kilograms of cocaine for $42,000. At trial, the state played a series of recorded conversations between Garr and Carr detailing the terms of this transaction, which included two discussions about the quality of the cocaine. Carr and Garr eventually met in a restaurant parking lot with the understanding that Garr was to deliver the cocaine to Carr, and that Carr would pay him for it later. But due to a disagreement over payment, the sale was not completed, and Garr never produced any cocaine. Police monitoring the scene allowed Garr to leave without incident. Garr was not arrested until several months later, and the state never recovered any substance offered for sale in connection with these events.
 {¶ 3} In his first assignment of error, Garr contends that his MDO specification was not supported by sufficient evidence. In his second assignment of error, Garr argues that the trial court erred in sentencing him to ten years' mandatory incarceration because the evidence did not support an MDO or first-degree-felony conviction. The MDO and sentencing provisions at issue are both contained in R.C.2925.03(C)(4)(g). In pertinent part, that code section provides, "If *Page 3 
the amount of the drug involved [in the trafficking offense] equals or exceeds one thousand grams of cocaine * * * trafficking in cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree."[1] Garr's assignments of error turn on his contention that the state could not establish the weight or identity of the substance he had offered for sale without recovering and testing it. Absent this evidence, Garr argues, the state could not prove the MDO specification but only established that he had committed a fifth-degree-felony trafficking offense, for which he should have been sentenced accordingly.[2]
 {¶ 4} Garr cites the Ohio Supreme Court's decision in State v.Chandler[3] as controlling authority for both assignments of error. InChandler, the defendants had been convicted of trafficking in 100 or more grams of crack cocaine and had been sentenced as first-degree-felony major drug offenders under the same penalty-enhancement provision applied to Garr.[4] Unlike the present case, however, in Chandler the state had recovered, weighed, and tested the substance offered for sale.[5] It was not crack cocaine. It was instead 130.87 grams of baking soda.[6] The issue before theChandler court was whether a person could be subject to the penalty-enhancement provision in R.C. 2925.03(C)(4)(g) under these circumstances.[7] In determining that such a penalty was improper, the court held that a substance offered for sale must contain "some detectable amount of the *Page 4 
relevant controlled substance" before a person can be sentenced under R.C. 2925.03(C)(4)(g).[8] The court noted that the jury had made a mistake of fact when it had concluded that baking soda was tantamount to crack cocaine.[9]
 {¶ 5} This case is different. The issue presented here is whether the state could establish "some detectable amount of the relevant controlled substance" — as required by Chandler — as well as the amount of the controlled substance, through circumstantial evidence. We hold that it could. It is beyond question that the state may attempt to establish any element of any crime through circumstantial evidence.[10] We find no reason to make an exception for the elements of R.C. 2925.03(C)(4)(g).
 {¶ 6} And there is sufficient circumstantial evidence in the record to support Carr's conviction and sentence. At trial, the state played recorded conversations between Garr and Carr during which Garr offered to sell cocaine to Carr. The amount of cocaine that Garr had offered to sell was identified multiple times and was never less than two kilograms. During one conversation, Carr indicated that he would not pay for the cocaine if it was counterfeit. During another conversation, Garr represented to Carr that the cocaine he intended to sell him was of high quality.
 {¶ 7} Viewing this evidence in a light most favorable to the state, we hold that a rational trier of fact could have concluded beyond a reasonable doubt that Garr had offered to sell Carr 1000 or more grams of actual cocaine.[11] We therefore hold that Garr's MDO-specification conviction was supported by sufficient evidence,[12] and *Page 5 
that the trial court properly sentenced Garr under R.C. 2925.03(C)(4)(g) as a first-degree felon and as a major drug offender.
 {¶ 8} Both of Garr's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
DINKELACKER and WINKLER, JJ., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] R.C. 2925.03(C)(4)(g); see, also, R.C. 2929.01(X) (defining a major drug offender as a person convicted of selling 1000 or more grams of cocaine).
[2] See R.C. 2925.03(C)(4)(a).
[3] 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234.
[4] Id. at ¶ 4.
[5] Id. at ¶ 3.
[6] Id. at ¶ 16.
[7] Id. at ¶ 1.
[8] Id. at ¶ 21.
[9] Id. at ¶ 19.
[10] State v. Jenks (1991), 61 Ohio St.3d 259, 272,574 N.E.2d 492.
[11] Id. at paragraph two of the syllabus.
[12] See R.C. 2929.01(X). *Page 1