GARR *v.* WARDEN, MADISON CORRECTIONAL INSTITUTION.

[Cite as *Garr v. Warden, Madison Corr. Inst.*,

**126 Ohio St.3d 334, 2010-Ohio-2449.]**

*Criminal law — Sentencing — Drug offenses — R.C. 2925.03(C)(4)(g) — Major-drug-offender specification — Offender offering controlled substance for sale in quantities qualifying for enhanced major-drug-offender penalty under R.C. 2925.03(C)(4)(g) may not receive enhanced MDO penalty when substance offered is never recovered — State v. Chandler, limited.*

(No. 2009-1323 — Submitted March 9, 2010 — Decided June 8, 2010.)

ON REVIEW of Certified Question of State Law from the United States District Court, Southern District of Ohio, Western Division, No. 1:08cv293.

_____

**O'DONNELL, J.**

**{¶ 1}** The United States District Court for the Southern District of Ohio, Western Division, has certified the following question for our resolution: "Whether the Supreme Court of Ohio's decision in *State v. Chandler,* 109 Ohio St.3d 223, 2006-Ohio-2285 [846 N.E.2d 1234] (2006), as described in the syllabus of the court, to wit: '[a] substance offered for sale must contain some detectable amount of the relevant controlled substance before a person can be sentenced as a major drug offender under Ohio Revised Code § 2925.03(C)(4)(g),' extends to cases where the substance offered for sale was never observed, tested, or recovered to ascertain whether it contained a detectable amount of the controlled substance, but no affirmative evidence was presented to call into question the defendant's representation in his offer to sell, or to refute the jury's factual finding, that the substance was in fact a controlled substance in an amount that equaled or exceeded 1000 grams." Stated differently, the question is

whether our holding in *Chandler* extends to an offer-to-sell drug-trafficking case where no drugs are recovered during investigation of the crime.

{¶ 2}  We answer the certified question in the negative and clarify that our holding in *Chandler* does not extend to cases where a substance offered for sale is not recovered or tested in order to ascertain whether it contains a detectable amount of a controlled substance.

### Facts and Procedural History

{¶ 3}  We adopt the following factual and procedural history from the certification order submitted by the United States district court.

{¶ 4}  During a sting operation, petitioner Oliver Lucien Garr told a police informant that he would sell him two kilograms of cocaine.  Garr and the informant met in a parking lot with the understanding that Garr would deliver the cocaine to the informant, but due to a disagreement over payment, they did not complete the sale.  Garr never produced any cocaine, and the state never recovered any substance offered for sale in connection with the events.  Police arrested Garr several months later.

{¶ 5}  On April 7, 2006, the Hamilton County Grand Jury returned an indictment charging Garr with one count of trafficking in cocaine "in an amount that equaled or exceeded 1000 grams" in violation of R.C. 2925.03(A)(1) and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1).  The state further attached a major-drug-offender ("MDO") specification as set forth in R.C. 2925.03(C)(4)(g) to the trafficking count.  Garr filed a pretrial motion to dismiss the MDO specification on the ground that the case against him lacked evidence of any "detectable amount of a controlled substance."  The Hamilton County Court of Common Pleas overruled the motion, and the matter proceeded to trial.  A jury found Garr guilty of the trafficking charge and the MDO specification.

**{¶ 6}** At his sentencing hearing, Garr argued that our decision in *State v. Chandler*, 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234, prevented his being found guilty of the MDO specification because there were no detectable amounts of a controlled substance. The trial court rejected his argument and imposed a mandatory ten-year prison sentence pursuant to R.C. 2925.03(C)(4)(g) and 2929.14(D)(3)(a) because Garr had been convicted of a first-degree felony offense involving an "offer to sell kilos of cocaine."

**{¶ 7}** Garr appealed to the First District Court of Appeals, asserting that the trial court erred in denying his motion to dismiss the specification and in sentencing him to a mandatory ten-year term because the state did not recover a detectable amount of the substance he offered for sale and thus failed to present sufficient evidence to prove his guilt of a first-degree felony (as opposed to a fifth-degree felony) and his automatic classification as a major drug offender pursuant to R.C. 2925.03(C)(4)(g).

**{¶ 8}** The court of appeals rejected his claim and affirmed the trial court's judgment. *State v. Garr*, 1st Dist No. C-060794, 2007-Ohio-3448. The appellate court acknowledged that the state never recovered the substance Garr offered to sell and thus could not test it for a detectable amount of cocaine, and distinguished this case from *Chandler* because here the state presented circumstantial evidence at trial, including statements made during conversations between Garr and the informant about the quality and amount of cocaine to be sold. The appellate court concluded that this evidence supported the reasonable inference that the substance Garr had offered to sell actually was cocaine. Id. at ¶ 5-7.

**{¶ 9}** We did not accept Garr's discretionary appeal. *State v. Garr*, 115 Ohio St.3d 1475, 2007-Ohio-5735, 875 N.E.2d 628.

**{¶ 10}** Garr subsequently petitioned the United States District Court for the Southern District of Ohio for a writ of habeas corpus, asserting that the state

3

failed to present sufficient evidence as to the weight or identity of the substance involved and that because the state could not prove beyond a reasonable doubt that the substance actually contained an identifiable amount of cocaine exceeding the weight limits necessary to sustain a conviction of a felony of the first degree, he should only have been convicted of a felony of the fifth degree.

{¶ 11} Confronted with Garr's petition alleging that the state failed to present evidence to establish the elements of the offense and to support the MDO penalty, the United States district court certified the instant question of state law to this court in accordance with S.Ct.Prac.R. 18, which we accepted. *Garr v. Warden, Madison Corr. Inst.*, 123 Ohio St.3d 1404, 2009-Ohio-5031, 914 N.E.2d 203.

**Argument of the Parties**

{¶ 12} Garr urges that *Chandler* applies to the facts in his case, arguing that because the state did not recover any of the drugs he offered to sell, it cannot prove that the drugs contained "some detectable amount" of cocaine. *Chandler*, 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234, syllabus. He maintains that the state's evidence against him is insufficient to support a first-degree felony conviction and that, pursuant to *Chandler*, he may not be sentenced as a major drug offender to a mandatory ten-year prison term. He also points out that some Ohio appellate courts have applied *Chandler* in offer-to-sell cases where the offered substance was never recovered or tested. See *State v. Mitchell*, Jefferson App. No. 08 JE 5, 2008-Ohio-6920; *State v. Elliott*, Cuyahoga App. No. 86481, 2006-Ohio-1092. Those rulings, Garr argues, accord with due process and sound public policy.

{¶ 13} The state, by contrast, contends that *Chandler* is limited to cases involving the recovery of a counterfeit drug. It notes that Ohio's drug-trafficking laws subject both offers to sell and actual sales to the same legal penalties and that these laws define baseline offenses and sentencing enhancements in terms of the

quantity involved in a trafficking violation. Thus, the state contends that *Chandler* corrected a factual error – that the substance offered was 130.87 grams of baking soda instead of 100 grams of crack cocaine – but did not prohibit the use of all quantity-based provisions whenever no drug is recovered and testable. Because any admissible evidence, including circumstantial evidence, can be used to establish the identity and the quantity of the drug Garr offered to sell, the state argues that the circumstantial evidence cited by the appellate court demonstrates that Garr offered to sell cocaine, and that the absence of any contradictory evidence – such as the presence of a counterfeit substance, as in *Chandler* – leaves the evidence unchallenged and sufficient to prove both the identity and the quantity of the cocaine beyond a reasonable doubt.

{¶ 14} We focus then on the issue of whether our holding in *Chandler* extends to an offer-to-sell drug-trafficking case where no drugs are recovered or tested.

### State v. Chandler

{¶ 15} In *Chandler*, we examined R.C. 2925.03, which provides:

{¶ 16} "(A) No person shall knowingly do any of the following:

{¶ 17} "(1) Sell or offer to sell a controlled substance.

{¶ 18} "* * *

{¶ 19} "(C) Whoever violates division (A) of this section is guilty of one of the following:

{¶ 20} "* * *

{¶ 21} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking cocaine. The penalty for the offense shall be determined as follows:

{¶ 22} "(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), (f), or (g) of this section, trafficking in cocaine is a felony of the fifth degree,

and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

{¶ 23} "* * *

{¶ 24} "(g) If the amount of the drug involved equals or exceeds one thousand grams of cocaine * * *, trafficking in cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree * * *."

{¶ 25} The MDO penalty found in R.C. 2929.14(D)(3)(a) states that if an offender violates R.C. 2925.03 and is classified as an MDO, "the court shall impose * * * a ten-year prison term" that may not be reduced.

{¶ 26} The issue as we recited in *Chandler* concerned "whether a person can be subject to the special penalty statute applicable to a major drug offender for a first-degree felony drug conviction when the substance offered as crack cocaine contains no detectable amount of the drug." *Chandler*, 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234, at ¶ 1. In that case, at separate trials, juries convicted defendants Chandler and Bledsoe of trafficking in crack cocaine. Despite the fact that the laboratory testing revealed that the substance they had offered to sell was baking soda, both juries further found that the amount of the drug involved equaled or exceeded 100 grams of crack cocaine, which triggered the enhanced MDO penalty pursuant to R.C. 2925.03(C)(4)(g). Citing *State v. Patterson* (1982), 69 Ohio St.2d 445, 23 O.O.3d 394, 432 N.E.2d 802, syllabus, we stated: "Undoubtedly, a person can be convicted for offering to sell a controlled substance in violation of R.C. 2925.03(A)(1) without actually transferring a controlled substance to the buyer." *Chandler* at ¶ 9. However, we affirmed the appellate court judgment reversing the mandatory sentences imposed, noting that the General Assembly authorized criminal penalties for drug trafficking based on the identity and amount of the controlled substance involved,

R.C. 2925.03(C), and that "[b]y the terms of the penalty statute for cocaine, R.C. 2925.03(C)(4), the substance involved in the violation is to *be* cocaine or, at the very least, 'a compound, mixture, preparation, or substance *containing* cocaine.' " (Emphasis sic.) Id. at ¶ 18. Thus, because testing revealed that the substance involved was baking soda, not cocaine, the jury's finding that the amount of the drug equaled or exceeded 100 grams of crack cocaine was contrary to fact. Id. at ¶ 16. Consequently, we held that "[a] substance offered for sale must contain some detectable amount of the relevant controlled substance before a person can be sentenced as a major drug offender under R.C. 2925.03(C)(4)(g)." Id. at syllabus.

### Analysis

{¶ 27} *Chandler* did not address the principle that the state can establish any element of any crime through circumstantial evidence. As we stated in *State v. Jenks* (1991), 61 Ohio St.3d 259, 272-273, 574 N.E.2d 492, "there is but one standard of proof in a criminal case, and that is proof of guilt beyond a reasonable doubt. This tenet of the criminal law remains true, whether the evidence against a defendant is circumstantial or direct."

{¶ 28} Our decision in *Chandler* that a substance offered for sale must contain "some detectable amount" of the relevant controlled substance before a person can be sentenced as a major drug offender is limited to those cases where the substance offered for sale is recovered and subjected to testing to determine whether it contains a detectable amount of the drug offered for sale. It does not apply to situations where no drug is recovered and no testing is performed. Hence, where an offender offers to sell a controlled substance in a quantity that would implicate the MDO specification, and where no substance is ever recovered or tested, *Chandler* is factually distinguishable, as it is a counterfeit drug case where the alleged drug was recovered and tested. Therefore, *Chandler* does not apply to the situation as presented here where Garr offered to sell a drug that was

not recovered. In such a case, the offender may be convicted of an MDO specification in a properly proven case.

## Conclusion

{¶ 29} Based on the foregoing, our holding in *Chandler* does not apply to offer-to-sell trafficking cases where no drugs are recovered or tested. Accordingly, the certified question is answered in the negative.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Timothy Young, Ohio Public Defender, and Kristopher A. Haines, Assistant Public Defender, for petitioner.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Stephen P. Carney, Deputy Solicitor, and William Lamb and Diane Mallory, Assistant Attorneys General, for respondent.

Paul A. Dobson, Wood County Prosecuting Attorney, and David E. Romaker Jr., Assistant Prosecuting Attorney, in support of respondent for amicus curiae, Ohio Prosecuting Attorneys Association.

_____