[Cite as *State v. Kiser*, 2016-Ohio-7338.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                           Court of Appeals No.  S-15-030

      Appellee                                     Trial Court No.  13 CR 976

v.

Julian L. Kiser                                        **DECISION AND JUDGMENT**

      Appellant                                    Decided:  October 14, 2016

* * * * *

Thomas L. Steirwalt, Sandusky County Prosecuting Attorney, and
Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Kristopher K. Hill and Thomas J. DeBacco, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Julian Kiser, appeals the judgment of the Sandusky County Court

of Common Pleas, convicting him, following a jury trial, of one count of trafficking in

cocaine in violation of R.C. 2925.03(A)(1), with a major-drug-offender specification

under R.C. 2925.03(C)(4)(g), a felony of the first degree. For the reasons that follow, we reverse.

## Facts and Procedural Background

{¶ 2} The facts presented at trial are not in dispute. In October 2013, T.K. was employed by the PLE Group to go undercover at an auto parts factory to ferret out suspected drug activity occurring at the factory. During the course of his work, T.K. befriended C.P., who at the time also worked at the factory. T.K. asked C.P. if he knew anyone that sold cocaine. Thereafter, T.K. and C.P. constructed a plan to purchase five ounces of cocaine, or approximately 140 grams, and then cut it to sell at a profit. C.P. arranged a purchase with appellant.

{¶ 3} On October 11, 2013, C.P. and T.K. drove to appellant's apartment. Appellant told them to wait outside. A few minutes later, appellant returned with a sandwich bag carrying what was described as a white powdery substance. C.P. and T.K. entered appellant's apartment and observed appellant place the bag on a digital scale in his kitchen. C.P. and T.K. testified that the weight of the bag was between 140 and 150 grams. T.K. then stated that he had to go to the bank to withdraw the $7,000 for the purchase, and he left. Upon leaving, T.K. called the police.

{¶ 4} Notably, no drugs were entered into evidence nor was a lab report detailing the composition of the white powdery substance entered into evidence. This was a result

of our determination in a prior appeal that the search and seizure of the drugs was unconstitutional. *See State v. Kiser*, 6th Dist. Sandusky No. S-14-024, 2015-Ohio-3076.

{¶ 5} After the evidence was presented, the jury returned with a verdict of guilty on the count of offering to sell cocaine. The jury further found that the amount of the substance represented to be cocaine was more than 100 grams.

{¶ 6} At sentencing, appellant was ordered to serve 10 years in prison.

## Assignment of Error

{¶ 7} Appellant has timely appealed his conviction, and now asserts one assignment of error for our review:

> 1. The Trial Court erred in denying Appellant's Motion in Limine regarding the weight of the substance and the specifications therewith, as there was no admissible evidence in the case as to the weight of actual cocaine involved. The Trial Court erred by allowing the jury to consider the weight of the substance, alleged to be cocaine, purely on an offer to sell a certain amount, greater than 100 grams, without the weight of any actual cocaine admitted at Trial.

## Analysis

{¶ 8} Appellant's assignment of error consists of two parts. Predominately, he argues that the court erred in denying his motion in limine, which sought to "exclude any/all identification of any substance purported to be cocaine or a controlled substance;

3.

to exclude any/all testimony or evidence relating to weight of any substance purported to be cocaine or a controlled substance; and to exclude the specifications included in the indictment." However, appellant also argues that the court erred in allowing the jury to consider the weight of the substance, which is effectively a sufficiency argument.

{¶ 9} Regarding the former, "Ohio law is clear * * * that a ruling on a motion in limine may not be appealed and that objections to the introduction of testimony or statements of counsel must be made during the trial to preserve evidentiary rulings for appellate review." *Gable v. Village of Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, 816 N.E.2d 1049, ¶ 34.

A motion in limine is commonly used as a tentative, precautionary request to limit inquiry into a specific area until its admissibility is determined during trial. As a tentative, interlocutory, precautionary ruling, * * * finality does not attach when the motion is granted. By its very nature, * * * its grant cannot be error. It is not a ruling on evidence. It adds a procedural step prior to the offer of evidence. As such, * * * the ruling on a motion in limine does not preserve the record on appeal[;] * * * an appellate court need not review the propriety of such an order unless the claimed error is preserved by [a timely objection] * * * when the issue is actually reached [during the] * * * trial. (Internal citations omitted.) *Id.* at

4.

¶ 35, quoting *Dent v. Ford Motor Co.*, 83 Ohio App.3d 283, 286, 614 N.E.2d 1074 (9th Dist.1992).

{¶ 10} Here, appellant noted a continuing objection to the testimony of T.K. and C.P. as it pertains to the weight and identity of the substance. However, we hold that the trial court did not err in admitting the testimony as it was based on the witnesses' personal knowledge. *See* Evid.R. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."). Both T.K. and C.P. testified as to what they observed, namely a white powdery substance that was placed on a scale showing that it weighed between 140 and 150 grams. The witnesses did not identify the substance as cocaine. Further, appellant's protestations that the witnesses were not able to identify the substance as cocaine, could not testify as to its purity, and could not verify that the scale was accurate, go to the weight to be given the testimony, not its admissibility. Therefore, appellant's arguments regarding the trial court's denial of his motion in limine are without merit.

{¶ 11} Turning to appellant's sufficiency argument, we note that when reviewing a claim that the conviction is based on insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a

reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 12} Here, appellant argues that the testimony, which only identified the item produced by appellant as a white, powdery substance and neither identified the substance as cocaine nor commented on its purity, was insufficient to support the jury's finding that appellant was a major drug offender under R.C. 2925.03(C)(4)(g) ("If the amount of the drug involved equals or exceeds one hundred grams of cocaine * * * trafficking in cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree."). In support, appellant cites *State v. Gonzales*, 6th Dist. Wood No. WD-13-086, 2015-Ohio-461, *appeal allowed*, *State v. Gonzales*, 143 Ohio St.3d 1403, 2015-Ohio-2747, 34 N.E.3d 132, and *State v. Sanchez*, 6th Dist. Sandusky No. S-14-030, 2016-Ohio-542, *appeal allowed*, *State v. Sanchez*, 146 Ohio St.3d 1414, 2016-Ohio-3390, 51 N.E.3d 659.

{¶ 13} In *Gonzales*, we held that because the statutory definition of cocaine did not include any compounds or mixtures containing cocaine, but was limited to the actual drug itself, the penalty enhancement for possessing over "one hundred grams *of cocaine*" required the state to prove that the weight of the cocaine excluding any filler material

6.

exceeded the statutory threshold. *See* R.C. 2925.11(C)(4)(f) ("If the amount of the drug involved equals or exceeds one hundred grams of cocaine, possession of cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree."). In that case, the state only presented the weight of the entire mixture containing cocaine. It did not present any evidence demonstrating the purity or the weight of the cocaine itself. As a result, we held that the penalty enhancement under R.C. 2925.11(C)(4)(f) must be reversed and vacated. *Gonzales* at ¶ 47.

{¶ 14} In *Sanchez*, we applied our holding in *Gonzales* to the penalty enhancement for trafficking in cocaine. In that case, Sanchez was convicted of a first degree felony based on a gross weight of 34.1 grams. *See* R.C. 2925.03(C)(4)(f) ("If the amount of the drug involved equals or exceeds twenty-seven grams but is less than one hundred grams of cocaine * * * trafficking in cocaine is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree."). However, the laboratory report revealed that the weight of actual cocaine was 14.3 grams. Thus, we held that he should have been convicted of no greater than a third-degree felony. *Sanchez* at ¶ 17; *see* R.C. 2925.03(C)(4)(d) ("[I]f the amount of the drug involved equals or exceeds ten grams but is less than twenty grams of cocaine, trafficking in cocaine is a felony of the third degree.").

7.

**{¶ 15}** Consistent with *Gonzales* and *Sanchez*, appellant argues that because there was no testimony as to the weight of actual cocaine, the penalty enhancement under R.C. 2925.03(C)(4)(g) must be reversed and vacated.

**{¶ 16}** In opposition, the state argues that this case is controlled by *Garr v. Warden, Madison Correctional Inst.*, 126 Ohio St.3d 334, 2010-Ohio-2449, 933 N.E.2d 1063. In *Garr*, the Ohio Supreme Court was asked on a certified question from federal court whether the holding in *State v. Chandler*, 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234, that "[a] substance offered for sale must contain some detectable amount of the relevant controlled substance before a person can be sentenced as a major drug offender under R.C. 2925.03(C)(4)(g)," "extends to an offer-to-sell drug-trafficking case where no drugs are recovered during investigation of the crime." *Garr* at ¶ 1. The Ohio Supreme Court answered the question in the negative and clarified that its holding in *Chandler* "does not extend to cases where a substance offered for sale is not recovered or tested in order to ascertain whether it contains a detectable amount of a controlled substance." *Id.* at ¶ 2.

**{¶ 17}** In *Chandler*, the defendant was convicted of trafficking in cocaine as a major drug offender under R.C. 2925.03(A)(1) and (C)(4)(g) despite the fact that the laboratory report revealed that the substance was actually baking soda. Thus, the Ohio Supreme Court recognized that "the jury's finding that the amount of the drug equaled or exceeded 100 grams of crack cocaine was contrary to fact." *Garr* at ¶ 26. In contrast, in

8.

*Garr*, the defendant offered to sell two kilograms of cocaine to a police informant. The sale was not completed, however, because of a disagreement over payment. The defendant did not produce any cocaine, and the state never recovered any substance offered for sale in connection with those events. *Garr* at ¶ 4. At the trial, the state played recorded conversations between the defendant and the informant in which the defendant identified the amount he offered to sell multiple times, and it was never less than two kilograms. In addition, the defendant represented that the cocaine was of high quality. *State v. Garr*, 1st Dist. Hamilton No. C-060794, 2007-Ohio-3448, ¶ 6. From this evidence, the appellate court held that a rational trier of fact could have found beyond a reasonable doubt that the defendant offered to sell more than 1000 grams of actual cocaine.[1] *Id.* at ¶ 7.

{¶ 18} In reaching its decision in *Garr*, the Ohio Supreme Court reasoned that *Chandler* did not address the principle that the state can establish any element of any crime through circumstantial evidence. Therefore, it concluded that its holding in *Chandler*,

> [I]s limited to those cases where the substance offered for sale is recovered and subjected to testing to determine whether it contains a detectable amount of the drug offered for sale. It does not apply to situations where no drug is recovered and no testing is performed. Hence,

---

[1] The First District's decision in *State v. Garr* was released prior to the amendment to R.C. 2925.03 removing the distinction between cocaine and crack cocaine, and establishing the threshold as 100 grams.

9.

where an offender offers to sell a controlled substance in a quantity that would implicate the MDO (major drug offender) specification, and where no substance is ever recovered or tested, *Chandler* is factually distinguishable, as it is a counterfeit drug case where the alleged drug was recovered and tested. Therefore, *Chandler* does not apply to the situation as presented here where Garr offered to sell a drug that was not recovered. In such a case, the offender may be convicted of an MDO specification in a properly proven case. *Garr* at ¶ 28.

{¶ 19} Here, however, this is not a properly proven case. Unlike the factual situation in *Garr*, there is not sufficient evidence as to the purity of the offered substance. T.K. testified about getting the cocaine before it was cut, and it was his understanding that what they were buying was relatively pure, but there was no testimony about what "relatively pure" meant, or about the typical percentage composition of purchased cocaine. Further, unlike *Garr* there was a relatively small difference between the offered amount and the statutory threshold of 100 grams; this is not a case involving the sale of kilograms of cocaine. Thus, any conclusion that the amount of actual cocaine exceeded the statutory threshold-which is required by our holdings in *Gonzales* and *Sanchez*-is pure speculation. We hold, therefore, that the jury's finding that the amount of the purported drug in question exceeded 100 grams is not supported by sufficient evidence. Accordingly, the major drug offender specification must be reversed and vacated.

**{¶ 20}** Appellant's assignment of error is well-taken.

## Conclusion

**{¶ 21}** For the foregoing reasons, we find that substantial justice was not done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed, in part, and reversed, in part. Appellant's penalty enhancement under R.C. 2925.03(C)(4)(g) is hereby reversed and vacated, and this matter is remanded to the trial court for resentencing consistent with this decision. Appellant and appellee are each ordered to pay one-half of the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,<br>
And reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                           _____

                                                     JUDGE

Arlene Singer, J.

                                              _____

James D. Jensen, P.J.                          JUDGE
CONCUR.

                                              _____

                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.