[Cite as *State v. Kiser*, 2017-Ohio-7799.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. S-15-030 |
| Appellee | Trial Court No. 13 CR 976 |
| v. | |
| Julian L. Kiser | **DECISION AND JUDGMENT** |
| Appellant | Decided: September 22, 2017 |

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney,
and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Kristopher K. Hill and Thomas J. DeBacco, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This matter is before the court on remand from the Ohio Supreme Court.

**I.  Facts and Procedural Background**

{¶ 2} The case was originally before this court on appellant's appeal from a

conviction of one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1), with

a major-drug-offender specification under R.C. 2925.03(C)(4)(g), a felony of the first degree.

{¶ 3} The facts from the trial revealed that in October 2013, T.K. was employed by the PLE Group to go undercover at an auto parts factory to ferret out suspected drug activity occurring at the factory. During the course of his work, T.K. befriended C.P., who at the time also worked at the factory. T.K. asked C.P. if he knew anyone that sold cocaine. Thereafter, T.K. and C.P. constructed a plan to purchase five ounces of cocaine, or approximately 140 grams, and then cut it to sell at a profit. C.P. arranged a purchase with appellant.

{¶ 4} On October 11, 2013, C.P. and T.K. drove to appellant's apartment. Appellant told them to wait outside. A few minutes later, appellant returned with a sandwich bag carrying what was described as a white powdery substance. C.P. and T.K. entered appellant's apartment and observed appellant place the bag on a digital scale in his kitchen. C.P. and T.K. testified that the weight of the bag was between 140 and 150 grams. T.K. then stated that he had to go to the bank to withdraw the $7,000 for the purchase, and he left. Upon leaving, T.K. called the police.

{¶ 5} Notably, no drugs were entered into evidence, nor was a lab report detailing the composition of the white powdery substance entered into evidence. This was a result of our determination in a prior appeal that the search and seizure of the drugs was unconstitutional. *See State v. Kiser*, 6th Dist. Sandusky No. S-14-024, 2015-Ohio-3076.

2.

**{¶ 6}** After the evidence was presented, the jury returned with a verdict of guilty on the count of offering to sell cocaine. The jury further found that the amount of the substance represented to be cocaine was more than 100 grams.

**{¶ 7}** At sentencing, appellant was ordered to serve ten years in prison.

**{¶ 8}** On appeal to this court, appellant argued that the testimony, which only identified the item produced by appellant as a white, powdery substance and neither identified the substance as cocaine nor commented on its purity, was insufficient to support the jury's finding that appellant was a major drug offender under R.C. 2925.03(C)(4)(g). In support of his argument, appellant relied on our decisions in *State v. Gonzales*, 6th Dist. Wood No. WD-13-086, 2015-Ohio-461, and *State v. Sanchez*, 2016-Ohio-542, 59 N.E.3d 719 (6th Dist.).

**{¶ 9}** In *Gonzales*, we held that because the statutory definition of cocaine did not include any compounds or mixtures containing cocaine, but was limited to the actual drug itself, the penalty enhancement for possessing over "one hundred grams *of cocaine*" required the state to prove that the weight of the cocaine excluding any filler material exceeded the statutory threshold. *See* R.C. 2925.11(C)(4)(f) ("If the amount of the drug involved equals or exceeds one hundred grams of cocaine, possession of cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree."). In that case, the state only presented the weight of the entire mixture containing cocaine. It did not present any evidence demonstrating the purity or the

3.

weight of the cocaine itself. As a result, we held that the penalty enhancement under R.C. 2925.11(C)(4)(f) must be reversed and vacated. *Gonzales* at ¶ 47.

{¶ 10} In *Sanchez*, we applied our holding in *Gonzales* to the penalty enhancement for trafficking in cocaine. In that case, Sanchez was convicted of a first degree felony based on a gross weight of 34.1 grams. *See* R.C. 2925.03(C)(4)(f) ("If the amount of the drug involved equals or exceeds twenty-seven grams but is less than one hundred grams of cocaine * * * trafficking in cocaine is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree."). However, the laboratory report revealed that the weight of actual cocaine was 14.3 grams. Thus, we held that he should have been convicted of no greater than a third-degree felony. *Sanchez* at ¶ 17; *see* R.C. 2925.03(C)(4)(d) ("[I]f the amount of the drug involved equals or exceeds ten grams but is less than twenty grams of cocaine, trafficking in cocaine is a felony of the third degree.").

{¶ 11} Consistent with *Gonzales* and *Sanchez*, appellant argued that because there was no testimony as to the weight of actual cocaine, the penalty enhancement under R.C. 2925.03(C)(4)(g) must be reversed and vacated.

{¶ 12} In opposition, the state argued that this case is controlled by *Garr v. Warden, Madison Corr. Inst.*, 126 Ohio St.3d 334, 2010-Ohio-2449, 933 N.E.2d 1063. In *Garr*, the Ohio Supreme Court was asked on a certified question from federal court whether the holding in *State v. Chandler*, 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234, that "[a] substance offered for sale must contain some detectable amount of

4.

the relevant controlled substance before a person can be sentenced as a major drug offender under R.C. 2925.03(C)(4)(g)," "extends to an offer-to-sell drug-trafficking case where no drugs are recovered during investigation of the crime." *Garr* at ¶ 1. The Ohio Supreme Court answered the question in the negative and clarified that its holding in *Chandler* "does not extend to cases where a substance offered for sale is not recovered or tested in order to ascertain whether it contains a detectable amount of a controlled substance." *Id.* at ¶ 2.

{¶ 13} In *Chandler*, the defendant was convicted of trafficking in cocaine as a major drug offender under R.C. 2925.03(A)(1) and (C)(4)(g) despite the fact that the laboratory report revealed that the substance was actually baking soda. Thus, the Ohio Supreme Court recognized that "the jury's finding that the amount of the drug equaled or exceeded 100 grams of crack cocaine was contrary to fact." *Garr* at ¶ 26. In contrast, in *Garr*, the defendant offered to sell two kilograms of cocaine to a police informant. The sale was not completed, however, because of a disagreement over payment. The defendant did not produce any cocaine, and the state never recovered any substance offered for sale in connection with those events. *Garr* at ¶ 4. At the trial, the state played recorded conversations between the defendant and the informant in which the defendant identified the amount he offered to sell multiple times, and it was never less than two kilograms. In addition, the defendant represented that the cocaine was of high quality. *State v. Garr*, 1st Dist. Hamilton No. C-060794, 2007-Ohio-3448, ¶ 6. From this evidence, the appellate court held that a rational trier of fact could have found beyond a

5.

reasonable doubt that the defendant offered to sell more than 1000 grams of actual cocaine.[1]  *Id.* at ¶ 7.

{¶ 14} In reaching its decision in *Garr*, the Ohio Supreme Court reasoned that *Chandler* did not address the principle that the state can establish any element of any crime through circumstantial evidence.  Therefore, it concluded that its holding in *Chandler*,

> [I]s limited to those cases where the substance offered for sale is recovered and subjected to testing to determine whether it contains a detectable amount of the drug offered for sale.  It does not apply to situations where no drug is recovered and no testing is performed.  Hence, where an offender offers to sell a controlled substance in a quantity that would implicate the MDO (major drug offender) specification, and where no substance is ever recovered or tested, *Chandler* is factually distinguishable, as it is a counterfeit drug case where the alleged drug was recovered and tested.  Therefore, *Chandler* does not apply to the situation as presented here where Garr offered to sell a drug that was not recovered. In such a case, the offender may be convicted of an MDO specification in a properly proven case.  *Garr* at ¶ 28.

---

[1] The First District's decision in *State v. Garr* was released prior to the amendment to R.C. 2925.03 removing the distinction between cocaine and crack cocaine, and establishing the threshold as 100 grams.

**{¶ 15}** In our original decision, we held that, unlike *Garr*, this was not a properly proven case. Because our holdings in *Gonzales* and *Sanchez* required that the amount of actual cocaine exceed the statutory threshold, and there was no testimony regarding the purity of the cocaine or the typical percentage composition of purchased cocaine, we concluded that the jury's finding that the amount of the purported drug in question exceeded 100 grams was pure speculation and was not supported by sufficient evidence. Therefore, we reversed and vacated the major drug offender specification.

**{¶ 16}** The state appealed this court's decision to the Supreme Court of Ohio, which accepted the case for review. The Supreme Court of Ohio then reversed, and remanded the matter to our court for application of its decision in *State v. Gonzales*, Slip Opinion No. 2017-Ohio-777. In *Gonzales*, the Ohio Supreme Court, on reconsideration, reversed our decision in *State v. Gonzales*, 6th Dist. Wood No. WD-13-086, 2015-Ohio-461, and held that "the applicable offense level for cocaine possession under R.C. 2925.11(C)(4) is determined by the total weight of the drug involved, including any fillers that are part of the usable drug."[2]

---

[2] Notably, the Supreme Court of Ohio affirmed our decision in *State v. Sanchez*, 2016-Ohio-542, 59 N.E.3d 719 (6th Dist.). *State v. Sanchez*, Slip Opinion No. 2016-Ohio-8470. However, unlike *Gonzales*, the Ohio Supreme Court did not reconsider its decision in *Sanchez*. Nevertheless, the Ohio Supreme Court affirmed *Sanchez* on the authority of its initial decision in *Gonzales*, thus we recognize that the Ohio Supreme Court implicitly reversed its decision in *Sanchez* when it reconsidered and reversed its decision in *Gonzales*.

7.

## II. Analysis

{¶ 17} In light of the Ohio Supreme Court's decision and remand, we now reexamine appellant's argument that the jury's finding regarding the major drug offender specification was based on insufficient evidence.

{¶ 18} When reviewing a claim that the conviction is based on insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 19} In this case, appellant was found to be a major drug offender under R.C. 2925.03(C)(4)(g), which provides,

> If the drug involved in the violation is cocaine or a compound, mixture, preparation or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows: * * * (g) If the amount of the drug involved equals or exceeds one hundred grams of cocaine and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as

8.

a mandatory prison term the maximum prison term prescribed for a felony of the first degree.

**{¶ 20}** Here, the testimony established that C.P. and appellant had a conversation wherein appellant indicated that he could get cocaine for C.P. They then discussed a price for the cocaine. C.P. and T.K. later arrived at appellant's apartment to complete the sale, at which time appellant presented a bag of a white, powdery substance that weighed between 140 and 150 grams. Analogous to *Garr*, because appellant offered to sell cocaine, and produced a substance weighing over 100 grams, we hold that a rational trier of fact could have found the essential elements under R.C. 2925.03(C)(4)(g) proven beyond a reasonable doubt. Therefore, we hold that the jury's finding that appellant is a major drug offender under R.C. 2925.03(C)(4)(g) is not based on insufficient evidence.

**{¶ 21}** Accordingly, appellant's assignment of error is not well-taken.

### III. Conclusion

**{¶ 22}** For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.     _____
              JUDGE
Arlene Singer, J.

             _____
James D. Jensen, P.J.       JUDGE
CONCUR.

             _____
              JUDGE