[Cite as *State v. Burse*, 2024-Ohio-2027.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

DAQUAN E. BURSE,

    DEFENDANT-APPELLANT.

CASE NO. 1-23-13

O P I N I O N

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

DAQUAN E. BURSE,

    DEFENDANT-APPELLANT.

CASE NO. 1-23-14

O P I N I O N

---

**Appeals from Allen County Common Pleas Court**
**Trial Court Nos. CR2020 0181 and CR2021 0196**

**Judgments Affirmed**

**Date of Decision:  May 28, 2024**

---

**APPEARANCES:**

    *William T. Cramer* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Daquan E. Burse ("Burse"), appeals the February 28, 2023 judgment entries of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On July 16, 2020, the Allen County Grand Jury indicted Burse in case number CR2020 0181 on Count One of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(1), (C)(9)(c), a third-degree felony, Count Two of trafficking in heroin in violation of R.C. 2925.03(A)(1), (C)(6)(d), a third-degree felony, and Count Three of trafficking in heroin in violation of R.C. 2925.03(A)(1), (C)(6)(e), a second-degree felony. On July 27, 2020, Burse appeared for arraignment and entered pleas of not guilty to the indictment.

{¶3} On July 14, 2021, the Allen County Grand Jury indicted Burse in case number CR2021 0196 on a single count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11)(d), a second-degree felony. On July 22, 2021, Burse appeared for arraignment and entered a plea of not guilty to the indictment in case number CR2021 0196.

{¶4} On September 7, 2022, the State filed a motion (in both cases) to join the cases (along with case number CR2020 0085) for purposes of trial. Burse filed a memorandum in opposition (in both cases) to the State's request on September 12,

2022, and the trial court granted the State's motions and joined the cases for purposes of trial on September 13, 2022.

{¶5} Ultimately, the cases proceeded to a jury trial on January 17-23, 2023. On January 23, 2023, the jury found Burse guilty of Counts One and Two in case number CR2020 0181 and the count in case number CR2021 0196 but not guilty of Count Three in case number CR2020 0181.[1]

{¶6} On February 27, 2023, the trial court sentenced Burse to 24 months in prison on Counts One and Two in case number CR2020 0181, respectively, and ordered the sentences to run consecutively for an aggregate term of 48 months in prison. (Case No. CR 2020 0181, Doc. No. 212). That same day, the trial court sentenced Burse to a minimum term of 5 years to a maximum term of 7 1/2 years in prison in case number CR2021 0196. (Case No. CR2021 0196, Doc. No. 117). The trial court ordered Burse to serve his consecutive sentences imposed in case number CR2020 0181 consecutively to his prison sentence imposed in case number CR2021 0196 and his prison sentence imposed in another case for an aggregate sentence of a minimum term of 10 years to a maximum term of 12 1/2 years in prison.[2]

{¶7} Burse filed his notices of appeal on March 13, 2023. He raises two assignments of error for our review.

---

[1] The trial court declared a mistrial in case number CR2020 0085.
[2] The trial court filed its judgment entries of sentence on February 28, 2023.

**First Assignment of Error**

**Appellant's rights to Due Process under the state and federal constitutions were violated by a conviction on count two of case no. CR2020 0181 for aggravated trafficking as a third-degree felony when the product did not contain controlled substances.**

**{¶8}** In his first assignment of error, Burse argues that his trafficking-in-heroin conviction under Count Two in case number CR2020 0181 is based on insufficient evidence.[3] In particular, Burse argues that his trafficking-in-heroin conviction is based on insufficient evidence because the State did not present sufficient evidence establishing that "the weight of the product exceeded five grams" "because lab testing on the product purchased during the second controlled buy found no controlled substances." (Appellant's Brief at 8).

*Standard of Review*

**{¶9}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential

---

[3] Burse does not challenge his trafficking-in-a-fentanyl-related-compound conviction or his possession-of-a-fentanyl-related-compound conviction.

-4-

elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

*Sufficiency of the Evidence*

{¶10} As an initial matter, the record reveals that Burse failed to renew his Crim.R. 29(A) motion at the conclusion of his case-in-chief or at the conclusion of all the evidence.

> In order to preserve the issue of sufficiency on appeal, this court has held that "[w]hen a defendant moves for acquittal at the close of the state's evidence and that motion is denied, the defendant waives any error which might have occurred in overruling the motion by proceeding to introduce evidence in his or her defense. In order to preserve a sufficiency of the evidence challenge on appeal once a defendant elects to present evidence on his behalf, the defendant must renew his Crim.R. 29 motion at the close of all the evidence."

*State v. Hurley*, 3d Dist. Hardin No. 6-13-02, 2014-Ohio-2716, ¶ 37, quoting *State v. Edwards*, 3d Dist. Marion No. 9-03-63, 2004-Ohio-4015, ¶ 6. Based on this court's precedent, Burse's failure to renew his Crim.R. 29(A) motion at the

conclusion of his case-in-chief or at the conclusion of all evidence waived all but plain error on appeal. *Id.* at ¶ 37.

**{¶11}** "However, '"[w]hether a sufficiency of the evidence argument is reviewed under a prejudicial error standard or under a plain error standard is academic."'" *Id.* at ¶ 38, quoting *Perrysburg v. Miller*, 153 Ohio App.3d 665, 2003-Ohio-4221, ¶ 57 (6th Dist.), quoting *State v. Brown,* 2d Dist. Montgomery No. 17891, 2000 WL 966161, *8 (July 14, 2000). "Regardless of the standard used, 'a conviction based on legally insufficient evidence constitutes a denial of due process, and constitutes a manifest injustice.'" *Id.*, quoting *Thompkins,* 78 Ohio St.3d at 386-387. Accordingly, we will proceed to determine whether the State presented sufficient evidence to support Burse's trafficking-in-heroin conviction. *See id.*

**{¶12}** Burse was convicted of trafficking in heroin in violation of R.C. 2925.03, which provides, in its relevant part, that "[n]o person shall knowingly * * * [s]ell or offer to sell a controlled substance or a controlled substance analog." R.C. 2925.03(A)(1). The statute elevates the level of the offense "[i]f the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin" and "if the amount of the drug involved equals or exceeds fifty unit doses but is less than one hundred unit doses or equals or exceeds five grams but is less than ten grams * * * ." R.C. 2925.03(C)(6)(d). Under the statue, a "'drug' includes any substance that is represented to be a drug." R.C. 2925.03(I).

{¶13} In support of his sufficiency-of-the-evidence challenge, Burse argues that a rational trier of fact could not have found that he sold or offered to sell a bulk amount of heroin since "lab testing on the product * * * found no controlled substances." (Appellant's Brief at 8). That is, Burse contends that "the jury's finding regarding weight was contrary to the facts and [he] could only be punished for a fifth-degree felony" under the authority of under *State v. Chandler*. (*Id.* at 9, citing 109 Ohio St.3d 223, 2006-Ohio-2285).

{¶14} Burse's argument that the evidence presented by the State at trial was insufficient to prove that he sold or offered to sell a bulk amount of heroin is without merit. *See State v. Cooper*, 5th Dist. No. 11CA0125, 2012-Ohio-3058, ¶ 14 (concluding that Cooper "could be convicted of violating R.C. 2925.03(A)(1) for offering to sell cocaine, even though the substance was actually baby powder, not cocaine"); *State v. Kolle*, 4th Dist. Pickaway No. 21CA8, 2022-Ohio-4322, ¶ 27 (resolving that "'a person can be convicted for offering to sell a controlled substance in violation of R.C. 2925.03(A)(1) without actually transferring a controlled substance to the buyer'"), quoting *Chandler* at ¶ 9; *Garr v. Warden, Madison Corr. Inst.*, 126 Ohio St.3d 334, 2010-Ohio-2449, ¶ 2 (clarifying that "*Chandler* does not extend to cases where a substance offered for sale is not recovered or tested in order to ascertain whether it contains a detectable amount of a controlled substance"). Importantly, the State was not required to prove that the substance recovered contained heroin to secure a conviction under R.C. 2925.03(A)(1), (C)(6)(d). *See*

*Kolle* at ¶ 27  *See also State v. Siggers*, 9th Dist. Medina No. 09CA0028-M, 2010-Ohio-1353, ¶ 13 (concluding that R.C. 2925.03(I) modified the statute to trigger the penalty provisions when a substance is represented to be a prohibited substance and no detectable contraband is discovered in that substance).

{¶15} With that in mind, our review of the record reveals that the State presented sufficient evidence that Burse sold or offered to sell a bulk amount of heroin.  *Accord Kolle* at ¶ 34.  Stated another way, we conclude that the State presented sufficient evidence that Burse sold or offered to sell a drug.  That is, Burse sold or offered to sell a substance that he represented to be heroin or a substance that he represented to be a compound, mixture, preparation, or substance containing heroin in an amount that exceeded the bulk amount identified under R.C. 2925.03(C)(6)(d).  Specifically, at trial, the State presented the testimony of Investigator Aaron Montgomery ("Investigator Montgomery") of the Lima Police Department, assigned to the West Central Ohio Crime Task Force, who testified that he conducted a "controlled drug buy" using a confidential informant to purchase heroin from Burse on February 6, 2020.  (Jan. 17-23, 2023 Tr., Vol. IV, at 572).

{¶16} Even though Investigator Montgomery testified that the Ohio Bureau of Criminal Investigation ("BCI") reported that the substance (that the confidential informant obtained from Burse) contained "fifteen point six one grams" of a "[w]hite substance" but that "[n]o controlled substance found determined using chemical testing and instrumental analysis," Investigator Montgomery provided

circumstantial evidence that Burse sold or offered to sell a bulk amount of heroin. (Jan. 17-23, 2023 Tr., Vol. IV, at 583). (*See* State's Exs. 36, 37). *See, e.g.*, *Kolle* at ¶ 27 (addressing the use of circumstantial evidence to prove the sale of or an offer to sell a controlled substance). Indeed, according to Investigator Montgomery, the controlled drug buy "was supposed to be for six grams of Heroin for five hundred and forty dollars" but that "Burse had made an agreement that the was going to add to it to make it straight or okay for us since we were shorted on the first buy. So, it was supposed to be in the total of seven grams." (*Id.*). *See State v. Davis*, 12th Dist. Clinton No. CA2015-12-022, 2017-Ohio-495, ¶ 53. Furthermore, Investigator Montgomery testified that, when the confidential informant met Burse, "[a] conversation could be heard where the [confidential informant] asked [Burse] if it was for seven, referring to seven grams because that was what the controlled drug buy was supposed to be for," and Burse responded "with a 'yes' or a response." (Jan. 17-23, 2023 Tr., Vol. IV, at 576). (*See* State's Ex. 35).

{¶17} Based on that evidence, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Burse sold or offered to sell a bulk amount of heroin. Consequently, viewing the evidence in a light most favorable to the prosecution, we conclude that the jury's conclusion that the amount of the drug that Burse sold or offered to sell exceeded the bulk amount of heroin identified under R.C. 2925.03(C)(6)(d) is *not* contrary to fact. *See, e.g.*, *Kolle* at ¶ 25, citing

Chandler, 109 Ohio St.3d 223, 2006-Ohio-2285, at ¶ 16. Therefore, we conclude that Burse's trafficking-in-heroin conviction is based on sufficient evidence.

**{¶18}** Burse's first assignment of error is overruled.

### Second Assignment of Error

**Indefinite prison terms imposed under the Reagan Tokes Law violate the jury trial guarantee, the doctrine of separation of powers, and due process principles under the federal and state constitutions.**

**{¶19}** In his second assignment of error, Burse argues that his sentence, imposed under Ohio's current sentencing scheme (commonly known as the "Reagan Tokes Law"), is unconstitutional.

### Standard of Review

**{¶20}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶21}** In this case, Burse challenges the constitutionality of the Reagan Tokes Law—namely, Burse alleges that the Reagan Tokes Law violates his constitutional right to a trial by jury in addition to violating the separation-of-powers doctrine and due-process clause of the Ohio and United States Constitutions. Imperatively, not only has this court rejected similar facial- and as-applied-constitutional challenges to the Reagan Tokes Law, but the Supreme Court of Ohio recently endorsed the constitutionality of the Reagan Tokes Law. *Accord State v. Rentschler*, 3d Dist. Marion No. 9-22-50, 2023-Ohio-3009, ¶ 98; *State v. Hacker*, 173 Ohio St.3d 219, 2023-Ohio-2535, ¶ 41. We decline to diverge from such formidable precedent. Accordingly, Burse's sentence is not contrary to law.

**{¶22}** Therefore, Burse's second assignment of error is overruled.

**{¶23}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

***Judgments Affirmed***

**MILLER and ZMUDA, J.J., concur.**


**\*\* Judge Gene A. Zmuda of the Sixth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**